UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONTGOMERY CARL AKERS,

    Plaintiff,

v.

KATHERINE N SIEREVELD,

    Defendant.

Case No. 17-cv-03340-KAW (PR)

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE TO REFILING WITH FILING FEE UNDER 28 U.S.C SECTION 1915(G); DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR A HEARING**

Re: Dkt. Nos. 2, 4

Plaintiff Montgomery Carl Akers, a federal prisoner at the United States Penitentiary in Marion, Illinois, has filed a *pro se* complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Katherine Siereveld, who is allegedly a "legal advisor" employed by the Federal Bureau of Prisons in Terre Haute, Indiana. Plaintiff alleges that Defendant is violating his rights by contacting financial institutions and individuals in this district and telling them that Plaintiff is attempting to defraud them. Plaintiff claims that Defendant is liable for state law claims of slander and tortious interference with Plaintiff's financial and business contracts and for violating his First, Fourth, Fifth and Fourteenth Amendment rights. Plaintiff has also filed a motion to proceed *in forma pauperis* and a motion for a hearing. As discussed below, the complaint is dismissed without prejudice under 28 U.S.C. § 1915(g) and Plaintiff's motions are denied.

## DISCUSSION

**I. Preliminary Review of Complaint**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

**II. Three Strikes Under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 ("PLRA"), provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or importance: having no basis in law or fact." *Id.*

A review of the dockets of Plaintiff's lawsuits in other district courts shows that Plaintiff has filed many lawsuits and many have been dismissed as frivolous or for failure to state a claim for relief, which count as strikes under § 1915(g). For instance, in *Akers v. Keszei, et al.*, No. 08-0334-JL (D.N.H. Mar. 9, 2009), *aff'd* No. 09-1654 (1st Cir. Jan. 21, 2010), the court dismissed for failure to state a claim upon which relief can be granted Plaintiff's *Bivens* claims against an FBI special agent, a special investigator and federal prosecutors involved in investigating and prosecuting Plaintiff's federal criminal case and witnesses in his criminal case. See Dkt. No. 8. The court labelled Plaintiff a vexatious litigant, stating he "is a prolific filer of actions around the country containing allegations against many of the defendants listed here, and asserting a variety of nefarious acts by these and other defendants intended to harm Akers' financial position and ability to engage in business and to acquire wealth. Akers has been identified by the courts that have convicted and sentenced him as someone with 'a long history of fraudulent activity,'

2

beginning at age seventeen, and resulting in the accrual of a 'serious' and recidivist criminal history." *Id.* at 7. The court listed 18 other cases Plaintiff had filed in various federal districts. *Id.* at 8-9. The court noted that Plaintiff is a restricted filer in the District of Colorado due to his vexatious and abusive litigation practices. *Id.* at 9 (citing *Akers v. Sandoval*, No. 94-B-2445 (D. Colo. June 20, 1995), *aff'd* 100 F.3d 967 (10th Cir. 1996). *Akers v. Keszei* is a strike within the meaning of § 1915(g).

Other cases that count as strikes are:

--*Akers v. Poisson, et al.*, No. 09-0054-P-S (D.Me. Mar. 24, 2009) (dismissed with prejudice for failure to state a claim*), aff'd* No. 09-1654 (1st Cir. Jan. 21, 2010).

--*Akers v. Martin*, 227 Fed. Appx. 721 (10th Cir. Mar. 23, 2007) (affirming district court's dismissal with prejudice for failure to state a claim upon with relief could be granted).

-- *Akers v. Crow*, 343 Fed. Appx. 319 (10th Cir. Aug. 28, 2009) (affirming district court's dismissal of Akers' complaint as frivolous under 28 U.S.C. § 1915(g)).

*Akers v. Davis*, 400 Fed. App. 332 (10th Cir. Oct. 38, 2010) (affirming district court's dismissal of Akers' complaint as frivolous under 28 U.S.C. § 1915(g) and holding his appeal was frivolous).

*Akers v. Rokusek*, No. 09-0472 DMS (JMA) (S.D. Cal. Apr. 28, 2009) (dismissing complaint as frivolous).

Because Plaintiff has more than three strikes under § 1915(g), unless he can meet the "imminent danger of serious physical harm" exception, he will not be able to proceed in this action absent paying the full filing fee at the outset. The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations or at some later time. *Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).* The allegations in the complaint determine whether the plaintiff is in imminent danger of serious physical injury. *Id.*

In his complaint, Plaintiff alleges that Defendant: (1) interfered with his ability to "consummate a financial arrangement" with Aero Funding, (2) told Wells Fargo Bank that his attempt to open an account and to deposit over $250 million on a weekly basis was bogus; (3) told

3

two attorneys that, if Plaintiff contacted them, it would be for nefarious purposes; (4) informed members of Plaintiff's alumni association that, if Plaintiff contacted them, he would likely try to defraud them. None of these allegations show that Plaintiff was in imminent danger of serious physical harm from Defendant at the time he filed his complaint. Nor, is it likely that Defendant could cause Plaintiff serious physical harm because Plaintiff is incarcerated in Illinois and he alleges that Defendant is located in Indiana. Therefore, Plaintiff is barred from proceeding IFP in this action.

When IFP status is barred pursuant to § 1915(g), the district court may dismiss the action without prejudice to re-filing with payment of fees at the time the action is re-filed. *See Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1998) (under § 1915(g), case was properly dismissed without prejudice to re-filing with payment of filing fees).

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Plaintiff's motions to proceed IFP and to hold a hearing are denied. Dkt. Nos. 2 and 4.

2. This case is dismissed without prejudice to Plaintiff's re-filing it with payment of the $400 filing fee.

3. The Clerk of the Court shall terminate all motions, enter a separate judgment and close the file.

IT IS SO ORDERED.

Dated: October 6, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge